Cheyenne PATE, Appellant

v.

The STATE of Texas, Appellee.

No. 10–09–00360–CR.

Court of Appeals of Texas, Waco.

March 10, 2010.

Cheyenne Pate, pro se.

Roy Defriend, Dist. Atty., K.C. Odom, Asst. Dist. Atty., Groesbeck, for Appellee.

## DISSENT TO ABATEMENT ORDER

TOM GRAY, Chief Justice.

For the reasons expressed in *Mullins v. Ortiz,* No. 10–08–00225–CV, 2009 WL 1176922, 2009 Tex.App. Lexis 3578 (Tex. App.-Waco April 29, 2009, order) (Gray, C.J. dissenting), I dissent. Specifically, having determined that we have no jurisdiction, we have no authority to render any type order other than a dismissal. The method by which we can properly proceed is a letter that puts the parties and the trial court on notice of the lack of jurisdiction and the consequences thereof if not corrected.

What follows is the letter that I believe is appropriate:

Pursuant to Rule 44.3 of the Texas Rules of Appellate Procedure, you are notified that this appeal is subject to dismissal for want of jurisdiction because it appears there is no signed order from which to appeal. *See* TEX.R.APP. P. 26.2(a)(1) ("notice of appeal must be filed . . . after the day the trial court enters an appealable order . . .").

Therefore, the Court will dismiss this appeal unless, within 21 days of the date of this letter, a response is filed showing grounds for continuing the appeal.

Further, rule 25.2 of the Texas Rules of Appellate Procedure provides that a "trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt *or other appealable order.*" TEX.R.APP. P. 25.2(a)(2) (emphasis added). There is no certification of the defendant's right of appeal in the record.

Subject to the Court's determination of its jurisdiction, the Court will dismiss this appeal unless, within 28 days of the date of this letter, a certification showing the defendant's right of appeal is made a part of the record and simultaneously presented to this Court.

I recognize that either the order or notice may result in the parties taking the same corrective action. But we have au-

thority to do one and not the other. Because the Court chooses to render an order without jurisdiction, I respectfully dissent.